**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **MARIBEL RODRIGUEZ-LABOY,**<br>    **Plaintiff**<br><br>         **v.**<br><br>**R&R ENGINEERING PRODUCTS, INC.,**<br>**LM WASTE SERVICES CORP.,**<br>**ROBERTO ROCA VIDAUD, ROBERTO**<br>**ROCA BUIGAS, JOHN DOE and**<br>**RICHARD ROE,**<br>    **Defendants** | **Civil No. 03-1367 (DRD)** |

**ORDER**

Plaintiff, Maribel Rodríguez-Laboy, ("Rodríguez") moves to strike certain documents submitted as exhibits in support to the Defendant's Motion for Summary Judgment, filed on July 6, 2006. **(Docket Nos. 48, 63**.) Now before the court is plaintiff's motion to strike and defendant's opposition. (**Docket Nos. 62, 66**.)

Specifically, plaintiff moves to strike from the record the affidavit of Frank Corvison (now deceased), an audit report(s) and Exhibits 11 and 12. In so doing, plaintiff asserts that prior statements, not subject to cross-examination by unavailable witnesses are not admissible. Similarly, plaintiff contends the audit report(s) are not reliable and that Exhibits 11 and 12 violate the "anti-ferreting rule". For the reasons set for below plaintiff's motion is GRANTED, in part and DENIED, in part.

**I.    Discussion**

Rodríguez asks this court to strike the following exhibits annexed to Defendant's Motion for Summary Judgment:

    **A.    Affidavit of Frank Corvison (Exhibit 15)**

Plaintiff moves to strike the affidavit of Frank Corvison ("Corvison"), dated February 24, 2004, on the ground that it constitutes inadmissible hearsay. (**Docket No. 48**, Ex. 15.) *See* Fed. R. Civ. Proc. 56(e). The record shows that Corvison was never deposed in connection with this case and died in May of 2005. (**Docket No. 66**.) Corvison's affidavit which is attached to defendant's motion for

summary judgment, contains statements which, *inter alia*, authenticate certain documents within the corporate entity's personnel files and set forth his impressions of the facts and circumstances surrounding Rodríguez's termination from employment and further provides Corvison's opinion regarding plaintiff's alleged discrimination claim.

These statements are clearly hearsay because they are being offered for the truth of the matter asserted. *See* Fed. R. Evid. 801(c).  Defendant argue that these statements fall under the former testimony exception to the hearsay rule. *See* 804(b)(1).  Although the former testimony exception applies where the declarant is deceased, it only covers situations involving live testimony at a hearing or deposition[1]. *Id.*  In the case at bar, Corvison was never deposed by the parties, was never subjected to cross-examination in any other proceeding nor is his testimony admissible under any other of the exceptions enumerated under Fed.R.Evid. 804(b)(2)-(5).  Therefore, the Court strikes Corvison's affidavit and precludes its consideration in support of Defendant's Motion for Summary Judgment.

### B.     Audit Reports (Exhibit 14)

Rodríguez also claims that the two audit reports submitted by defendants in support of "intention" are not properly authenticated for these being undated and unsigned and as such, not being reliable, should be stricken.  (**Docket Nos. 62, 48,** Ex. 14.)  Defendants argue that the audit reports are properly authenticated because they were prepared by certified public accountants[2].  (**Docket No. 66**.)

To enable its consideration in a summary judgment motion "documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)." *Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000) (quoting *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993)).  Rule 56(e)

---

[1] Federal Rule of Evidence 804(b)(1) states in relevant part as follows:  (b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness: (1) **Former testimony**.  Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

[2] Defendants also argue the reports qualify as business records pursuant to Fed.R.Evid. Rule 803(6). Since this is an exception to the hearsay exclusion and not the authentication requirement, it will not be addressed here.  In any event, it is unclear whether the audit reports are hearsay and whether the same are being offered for its truth.  Rather, it appears as if they are being offered to establish that defendant possessed a non-discriminatory reason for terminating Rodríguez from employment.

provides that affidavits "shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). *See Hoffman v. Applicator Sales and Svc. Inc.*, 439 F.3d 9, 14 (1st Cir. 2006) (affirming district court's refusal to consider unauthenticated exhibits); *Carmona*, 215 F.3d at 131; *Gougen v. Textron, Inc.*, No. Civ. A 02-40245 , 2006 WL 581022, at *2 (D. Mass. March 10, 2006) ("The authentication requirement is rarely onerous; in many instances, a single sentence will suffice indicating that the document is what it purports to be"). *See also*, 10A Charles Alan Wright Et. Al, Federal Practice and Proc. §2722 (3d ed. 1998). Therefore, defendant's failure to submit an affidavit indicating that the documents submitted and identified as Exhibit 14 are true and correct copies of the audit reports preclude the court from considering them along with the summary judgment motion. Therefore, the Court strikes and precludes consideration of the audit reports from the summary judgment pleading stage.

### C.     Defendants' Exhibits 11 and 12

Lastly, Rodríguez asks the Court to strike Exhibits 11 and 12 because they violate the Court's "anti-ferreting rule". (**Docket No. 62**.)  This rule, also known as Local Rule 56[3], "prevents the recurrent problem of ferreting through the record  and the specter of district judges being unfairly sandbagged by unadvertised factual issues. " *Mejías-Miranda v. BBII Acquisition Corp.* 120 F.Supp.2d 157, 162 (D.P.R. 2000) (quotations omitted); *see also* Morales v. A.C. Orssleff's EFTF, 246 F.3d 32, 33 (1st Cir. 2001) (holding that it is sanctionable to impose upon the Court "the daunting burden of seeking a needle in a haystack). It requires that a party moving for summary judgment provide a "separate, short and concise statement of material facts . . . . supported by a record citation." Local R. Civ. R. 56(b). Likewise, the party opposing the motion must provide the same as well as "admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts. . ." Local Civ. R. 56(c) . The exhibits Rodríquez wants the Court to exclude contain Rodríguez's requests for leave or "time-off" and certifications to return to work. (**Docket No. 48**, Ex.

---

[3] Local Rule 56 of the United States District Court for the District of Puerto Rico, 2004.

11, 12.)

The fact that the evidence is voluminous does not prevent defendants from submitting it in support of its motion. Furthermore, both parties have submitted statements of material facts with appropriate references to the record and are therefore, deemed in compliance with Local Rule 56. (**Docket Nos. 48, 65**.)

Therefore, plaintiff's request to strike defendants' Exhibits 11 and 12 is DENIED.

## II.     Conclusion

For the reasons stated above, plaintiff's motion to strike Exhibits 11-12, 14 and Corvison's affidavit all submitted in support of Defendant's Motion for Summary Judgment is **GRANTED**, in part (as to Corvison's Affidavit and Exhibit 14)  and **DENIED**, in part (as it relates to Exhibits 11 and 12.)

**SO ORDERED.**

At San Juan, Puerto Rico, on this 30th day of March of 2006.

**S/DANIEL R. DOMINGUEZ**
**U. S. District Judge**