**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **MARIBEL RODRIGUEZ LABOY,**<br>    **Plaintiff**<br><br>        **v.**<br><br>**R&R ENGINEERING PRODUCTS,<br>INC., LM WASTE SERVICES CORP.,<br>ROBERTO ROCA VIDAUD,<br>ROBERTO ROCA BUIGAS, JOHN<br>DOE and RICHARD ROE,**<br>    **Defendants** | **Civil No.03-1367 (DRD)** |

## OPINION AND ORDER

Plaintiff, Maribel Rodríguez-Laboy ("Rodríguez") seeks recovery pursuant to the Pregnancy Discrimination Act, 42 U.S.C. §2000e, *et seq.* ("PDA"), the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.* ("FMLA") and the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), as a result of the termination of her employment by the defendants because of her pregnancy. Plaintiff includes supplemental claims pursuant to state tort law as well as various state statutes including the Working Mother's Law, 29 P.R. Laws Ann. § 469, *et seq.* Plaintiff also alleges that defendants violated the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. 1161, *et seq.* ("COBRA"), in failing to provide her with proper disclosures concerning her health insurance upon her termination from employment. Now before the Court is defendants' Motion for Summary Judgment, Plaintiff's Reply to Defendants' Motion for Summary Judgment, defendants' reply and the parties' respective statements of uncontested material facts with annexed exhibits. (**Docket Nos. 48, 63, 65, 70**).

For the reasons stated below, defendants' Motion for Summary Judgment is DENIED, without prejudice. Defendants' will have **thirty (30)** days from the date of this order to submit affidavits properly authenticating the documents and exhibits submitted in support of their motion.

## I.     Procedural Background

Rodríguez filed a complaint on April 4, 2003 against defendants R&R Engineering Products, Inc. ("R&R"), LM Waste Services Corp. ("L&M"), Robert Roca -Vidaud ("Roca-Vidaud") and Roberto Roca- Buigas ("Roca- Buigas").  (**Docket No. 1**).  The complaint alleges claims based on federal and state law for sexual harassment as well as discrimination based on the termination of plaintiff's employment because of her pregnancy.  Plaintiff amended her complaint on May 19, 2003 (**Docket No. 2**).  On August 6,2004, plaintiff withdrew her sexual harassment claims. (**Docket No. 32**).  On July 6, 2005, defendants moved for summary judgment. (**Docket No. 48**). Defendants request dismissal of the pregnancy discrimination claims asserting that Rodríguez has failed to establish a prima facie case, did not exhaust administrative remedies in a timely fashion and  has failed to raise a triable issue of fact as to defendants' proffered non-discriminatory reasons for her termination from employment.  Defendants also argue that the court should abstain from hearing this case because defendants are prosecuting an ongoing breach of contract action in state court regarding plaintiff's alleged failure to return a company car after her termination. (**Docket No. 48**). Rodríguez responded to the motion on September 6, 2005, and defendants filed a reply on September 30, 2005. **(Docket No. 63, 70**).

Defendants' motion for summary judgment includes a statement of undisputed facts and fifteen exhibits. *Id.*  The exhibits are voluminous and include, among others: (i) plaintiff's administrative complaint to the Anti-Discrimination Unit of Puerto Rico (ii) correspondence relating to disciplinary matters (iii) written requests by Rodríguez for leave or "time off" from work (iv) a letter informing Rodríguez of her termination (v) the COBRA notification and (vi) two audit reports highlighting deficiencies in the department in which Rodríguez worked. (**Docket No. 48**, Exs. 6, 10, 11, 12, 14, 16). Defendants also submitted an affidavit signed by Rodríguez's supervisor, Frank Corvison-Iglesias ("Corvison"). (**Docket No. 48**, Ex. 15). The affidavit purports to authenticate some of the documents listed above and recites Corvison's version of the facts and circumstances surrounding Rodríguez's  termination. *Id.*  Corvision was never deposed in connection with this case and died in May, 2005.

On September 6, 2005, Rodríguez filed a Motion To Strike certain of defendant's exhibits. (**Docket No. 63**). Specifically, plaintiff sought to strike from the record the affidavit of Corvison, the audit reports and the exhibits containing plaintiff's "time off" requests and certifications issued by plaintiff's physicians. In doing so plaintiff asserted that prior statements, not subject to cross examination by unavailable witnesses are not admissible. Similarly, plaintiff contended that the reports were not reliable or authenticated and that the exhibits containing the "time off" requests were submitted in violation of Local Civil Rule 56 of the District Court of Puerto Rico, commonly known as the "anti-ferreting" rule.

On March 30, 2006, this Court granted plaintiff's motion, in part and precluded consideration of Corvison's affidavit (Exhibit 15) and the audit reports (Exhibit 14) on the grounds that the statements in the affidavit were hearsay and the audit reports had not been authenticated. (**Docket Nos. 48** and **79**). The Court denied the motion insofar as it related to the "time off" requests. (Exhibits 11 and 12*).*

II.     **Discussion**

   A.     **Authentication of Exhibits**

The Court's Order, dated March 30, 2006, excluding Corvison's affidavit caused a substantial portion of defendant's exhibits to become unauthenticated and thus precludes their consideration in support of their motion for summary judgment. (**Docket No. 79**). Also, upon reviewing defendant's exhibits, the undersigned notes that several other exhibits besides the ones already excluded (audit reports) were never authenticated as required by Fed. R. Civ. P. Rule 56. (**Docket No. 48**, Ex. 4, 5, 8, 10, 16).

To enable its consideration in a summary judgment motion "documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)." *Carmona v. Toledo*, 215 F.2d 124, 131 (1st Cir. 2000) (quoting *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993)). Rule 56(e) requires that affidavits "be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). *See Hoffman v. Applicator Sales and Svc. Inc.* 439 F.3d 9, 14 (1st Cir. 2006) (affirming district court's refusal

to consider unauthenticated exhibits); *Carmona*, 215 F.3d at 131; *Gougen v. Textron Inc.*, No. Civ. A -02-40245, 2006 WL 518022, at *2 (D. Mass. March 10, 2006) ("The authentication requirement is rarely onerous; in many instances, a single sentence will suffice indicating that the document is what it purports to be"); *Pope v. Potter*, No. 03-544, 2005 WL 3178179, at *6, n.2 (D. R.I. Nov. 28, 2005) (rejecting consideration of notes where plaintiff did not file an authenticating affidavit). *See also*, 10A Charles Alan Wright Et. Al, Federal Prac. And Proc. §2722 (3d ed. 1998, updated, 2005). Thus, for the same reason the Court excluded the audit reports from consideration, it must also exclude the exhibits whose authentication depended on the admissibility of Corvison's affidavit. The Court must also exclude the other exhibits submitted without proper authentication. Therefore, defendants' Exhibits 4, 5, 6, 8, 9, 10, 11, 12, 14 and 16 are precluded from consideration in support of their motion. These exhibits form a substantial portion of defendant's statements of uncontested material facts which are now unsupported by the record and may not be considered by the Court. What remains of defendant's exhibits are excerpts of plaintiff's deposition transcript and three statements rendered by co-workers. (**Docket No. 48**, Exs. 1, 2, 7).[1]

    B.    **Substantive Claims**

The undersigned concludes that the exclusion of most of defendants' exhibits preclude the Court from addressing the defendants' substantive arguments. In a sex or gender discrimination case such as this, Courts apply a three-stage, burden-shifting framework as outlined in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248 (1981), and *St. Mary's Honor Center v. Hicks,* 509 U.S. 502 (1993). After a plaintiff has established a *prima facie* case of discrimination, the burden of production shifts to defendants to demonstrate a legitimate, non-discriminatory reason for its adverse employment action. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 506-507 (1993). To meet this burden defendant must "clearly set forth, through the introduction of *admissible*

---

[1] Within the statements of Rodríguez's co-workers it is denied they ever heard any discriminatory remarks directed at Rodríguez and recount the absence of discrimination during their own pregnancies. (**Docket No. 48**, Ex. 7).

*evidence*, reasons for its actions which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action." *Id*. at 507 (emphasis added) (citing *Burdine*, 450 U.S. at 254-255 (1981)). Even assuming Rodríguez is able to establish a *prima facie* case of discrimination, defendants cannot point to any admissible evidence establishing a non-discriminatory purpose. Similarly, the Court cannot entertain defendants' argument that plaintiff did not exhaust administrative remedies in a timely fashion when the relevant exhibits are not properly before the court.

The same problem exists with respect to the defendant's COBRA claim. Defendants assert that they complied with the statute by providing her with the required COBRA notification but submit unauthenticated documents in support thereof. (**Docket No. 48**, Ex. 12). Even though highly probative and potentially dispositive of the issue, unauthenticated documents may not be considered in a summary judgment motion. *See Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 926 (9th Cir. 1987) ("It is well settled that unauthenticated documents cannot be considered on a motion for summary judgment").

The Court is mindful of defendants' effort to authenticate some of the documents and that it is through no fault of their own that they can no longer rely on Corvison's affidavit. Furthermore, it appears that the authenticating statements contained in the Corvison's affidavit could be corroborated by other means or witnesses. (**Docket No. 66**). In light of the foregoing, the Court will exercise its discretion to allow defendants the opportunity to cure the deficiencies in its supporting documentation. Defendants are granted **thirty (30)** days from the entry of this order to submit affidavits authenticating the exhibits. *See McMahon v. Digial Equipment Corp.*, 162 F.2d 28, 34 n.6 (1st Cir. 1998) (supplemental affidavits cured failure to authenticate documents); *Gougen v. Textron,* Civ. A. 02-40245, 2006 WL 581022, at *2 (D. Mass. 2006) (same). *See e.g., Woodley v. Monumental Life Ins. Co.*, No. 98C7677, 2000 WL 1721158, at *4 (N.D. Ill. 2000) (denying summary judgment without prejudice and allowing plaintiff's twenty one days to submit authenticated documents).

## III.  Conclusion

For the reasons stated above, defendants' Motion for Summary Judgment is **DENIED**, without prejudice.  Defendants are granted **thirty (30)** days from the entry of this order, to submit proper authentication for their exhibits and renew their motion.

                                                                **S/DANIEL R. DOMINGUEZ**
                                                                **U. S. District Judge**